THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FARMERS INSURANCE COMPANY
OF ARIZONA,

      Plaintiff,

v.                                              17-CV-389 MV/SCY

STEVEN CASTILLO,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Steven Castillo's Motion to Dismiss, or, in the Alternative, for a Stay of Proceedings [Doc. 3]. Plaintiff Farmers Insurance Company of Arizona filed a Response [Doc. 8] and Defendant filed a Reply [Doc. 10]. The Court, having considered the Motion, briefs and relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

### BACKGROUND

On or about September 22, 2016, Steven Castillo was severely injured in a collision with Susan Sanchez, an underinsured driver who was allegedly at fault. Doc. 3 at 1. Steven Castillo's reported injuries included lacerations, fractures of the tibia, pelvis and vertebrae, and damage to his prostate, bladder, and urethra. Doc. 1 at ¶ 13. As a result, Mr. Castillo had to undergo several surgeries. *Id*. Ms. Sanchez carried bodily injury coverage of $50,000.00 per person and $100,000.00 per occurrence with Farmers Insurance Company. Doc. 3 at 1. On that same date, Mr. Castillo and Bernice Castillo were named insureds and/or beneficiaries of two policies with Farmers Insurance Company, each of which provided $100,000.00 per person and $300,000.00

per occurrence of liability coverage. *Id*. at 1-2. Mr. Castillo claims that he was entitled to stacked Uninsured/Underinsured Motorist (UM/UIM) coverage equal to the bodily injury liability limits of these policies. Doc. 1 at ¶ 15. Farmers alleges that the UM/UIM coverage was rejected when Ms. Castillo signed a UM/UIM selection form on May 11, 2015 rejecting UM/UIM coverage in its entirety for both policies. *Id*. at ¶¶ 6-11. However, Mr. Castillo claims that the UM/UIM rejections are not enforceable because they were not attached to the policies delivered to Ms. Castillo and because they predated the policies that were in effect at the time of the accident. *Id*. at ¶ 17. Farmers disputes this, alleging that the rejections are enforceable and that it is not required to reform the policies to include UM/UIM coverage equal to the bodily injury limits of the policies. *Id*. at ¶ 18.

Plaintiff Farmers filed this lawsuit to invoke the jurisdiction of the federal court pursuant to the Declaratory Judgment Act to interpret the policies and resolve the dispute as to whether the UM/UIM rejections are enforceable. *Id*. at ¶¶ 3, 19. Specifically, Plaintiff requests that the Court enter judgment declaring the rights and obligations of each party, declaring that the rejections of the UM/UIM coverage on Mr. Castillo's policies are enforceable and binding, and declaring that Mr. Castillo is not entitled to UM/UIM coverage under said policies. *Id*. at ¶ 19. Defendant Castillo then filed the instant Motion asking the Court to exercise its discretion to decline jurisdiction in this matter due to a parallel action pending in the Second Judicial District Court of New Mexico addressing the same issues presented in this case ("State Court Action"). Doc. 3 at 1. The State Court Action, filed by Mr. Castillo, names Farmers Insurance Company of Arizona as a party and includes a declaratory action as well as extra-contractual claims. *Id*. at 4. Specifically, Mr. Castillo's state court case in Count I seeks a declaration that the policy did not

contain a valid and binding rejection of UM/UIM coverage in an amount equal to his liability limits, pursuant to *Jordan v. Allstate Ins. Co.*, 245 P.3d 1214 (N.M. 2010). *Id.*

## LEGAL STANDARD

Plaintiff's Complaint is brought pursuant to the Declaratory Judgment Act under 28 U.S.C. § 2201. The Act states: "In a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201 (emphasis added).

The Supreme Court of the United States has held that a district court's exercise of jurisdiction under the Act is strictly discretionary, and there is nothing "automatic or obligatory" with respect to a federal court's jurisdiction to hear a declaratory judgment action. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (citation omitted). The Supreme Court has found that even where a district court had jurisdiction under the Act, "it was under no compulsion to exercise that jurisdiction." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942); *see also Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989) (quoting *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962) ("The Declaratory Judgment Act was an authorization, not a command.")). In fact, the Supreme Court has cautioned against encroaching unnecessarily upon state court litigation:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Brillhart*, 316 U.S. at 495.

The Tenth Circuit has also echoed this discretionary standard: "While the statute vests the federal courts with power and competence to issue a declaration of rights," the decision of whether to exercise that power is "vested in the sound discretion of the district courts." *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167 (10th Cir. 1995) (citing *Pub. Affairs Assocs.*, 369 U.S. at 112); *see also Kunkel*, 866 F.2d at 1273 (citing *Alabama State Fed'n of Labor v. McAdory*, 325 U.S. 450, 462 (1945)) ("Whether to entertain a justiciable declaratory judgment action is a matter committed to the sound discretion of the trial court."). It is therefore the duty of the district court to ascertain whether the issues presented "can better be settled in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 495. A district court's decision regarding whether to exercise its jurisdiction and grant declaratory relief is reviewed for abuse of discretion. *Wilton*, 515 U.S. at 289-90.

## DISCUSSION

The Tenth Circuit has adopted a five-factor test to determine whether a court should exercise its discretionary jurisdiction over a declaratory judgment action where a parallel state court action might address some or all of the issues set forth in the federal claim:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (quoting *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987)); *see also Runyon*, 53 F.3d at 1169; *ARW Exploration Corp. v. Aguirre*, 947 F.2d 450, 454 (10th Cir. 1991). This Court has evaluated the

*Mhoon* factors and finds that the factors weigh against the Court exercising its discretionary jurisdiction over this declaratory judgment matter.

A. First and Second *Mhoon* Factors: Settling the Controversy & Clarifying the Legal Relations

The first two *Mhoon* factors deal with whether the declaratory action would settle the controversy and serve a useful purpose in clarifying the legal relations. *Id*. Here, Plaintiff argues that the first two factors of the *Mhoon* test weigh in favor of keeping the suit in federal court as it will "settle the controversy and clarify the legal dispute." Doc. 8 at 9. Specifically, Plaintiff argues, it will clarify whether the UM/UIM selection forms that Ms. Castillo signed were required to be attached to the insurance policies that were delivered to her in order for the selection of reduced UM/UIM coverage to be legally enforceable. *Id*. Defendant, however, cites to *United States v. City of Las Cruces*, which states that the first factor "is designed to shed light on the overall question of whether the controversy would be better settled in state court." 289 F.3d 1170, 1187 (10th Cir. 2002) (citing *Brillhart*, 316 U.S. at 495). Defendant also points out that the issues raised in the federal action are matters of state law, and therefore argues that they should be decided in state court. Doc. 10 at 3-4. With respect to the second factor, Defendant argues that because the controversy is better decided in state court, the federal case serves no useful purpose. *Id*. at 4.

The Tenth Circuit has noted that the first two factors focus on the degree of similarity between the federal and state proceedings, and that these factors "are necessarily driven by the degree of identity of the parties and issues in the concurrent proceedings." *City of Las Cruces*, 289 F.3d at 1183. Here, the parties are identical in the instant case and in the state action. Furthermore, the issue presented in the federal case, requesting relief under the Declaratory Judgment Act as to the enforceability of the UM/UIM rejection, is the same as the first of the six claims asserted in the Complaint filed by Defendant Castillo in state court. *See* Doc. 3-1, Exhibit

7. Therefore, the federal and state actions are parallel in that they involve the same parties and the state action sets forth the same issue as the federal case, in addition to five other claims. In *Mhoon*, the federal court decided to hear the case, but in that case, the state court action did not involve the insurance company, but rather was a tort claim brought by another individual against Mhoon. 31 F.3d at 982-83. That court suggested that had State Farm been a party to the state court action, it would have "obviat[ed] any need for an independent declaratory action and provid[ed] a simpler and more efficient resolution of State Farm's obligations towards Mhoon." *Id*. at 984. The instant case presents the very scenario envisioned by *Mhoon*, as Plaintiff *is* a party to the State Court Action.

Furthermore, the state court has already resolved the sole issue presented in the instant matter. In an Order entered on October 30, 2018, the Honorable Beatrice J. Brickhouse granted Mr. Castillo's Motion for Partial Summary Judgment on Count I, and explicitly stated: "the UM/UIM rejection is not legally valid and binding. The policy shall be reformed to include UM/UIM coverage in the amount of $100,000/$300,000 on each of two separate policies." *See* Doc. 16 at 4. This determination in state court has "obviate[ed] any need for an independent declaratory action." *Mhoon*, 31 F.3d at 984. Because a declaratory judgement by this Court would not settle any unresolved controversy and would not clarify legal relations, the first two *Mhoon* factors weigh strongly against exercising jurisdiction.

B. Third *Mhoon* Factor: Procedural Fencing

The third *Mhoon* factor is whether the declaratory remedy is being used merely for the purpose of "procedural fencing." 31 F.3d at 983. Plaintiff argues that this lawsuit was not filed for purposes of procedural fencing because it did not file the federal complaint for five months after it initially declined Defendant's request that it reform the insurance policies to include higher

UM/UIM coverage. Doc. 8 at 9. Plaintiff stated that during those five months, it was in communication with defense counsel and it was only after defense counsel failed to provide any argument as to why *Curry v. Great NW. Ins. Co.*, 320 P.3d 482 (N.M. 2010) case was not controlling on the coverage issue that it filed the instant lawsuit and sought the guidance of a federal court in a declaratory judgment. *Id*. at 9-10. In response, Defendant argues that Plaintiff's "procedural fencing" is evidenced by its "dilatory tactics" and the filing of the federal lawsuit. Doc. 10 at 4. Defendant posits that Plaintiff was aware that "absent its obstreperous and dilatory tactics, Mr. Castillo would have filed his own Declaratory Action months ago." Doc. 3 at 4.

The Tenth Circuit has held that a district court "may choose to avoid a declaratory judgment action because the plaintiff is using the action for procedural fencing." *Runyon*, 53 F.3d at 1170 (citing *Franklin Life Insurance Co. v. Johnson*, 157 F.2d 653, 656 (10th Cir. 1946)). Citing *Runyon*, a court in this district stated that the procedural fencing factor "weighs against exercising declaratory relief when the timing of the federal claim suggests that its main purpose is to delay the state court action or receive a favorable judgment on an issue before the state court has a chance to fully develop the facts." *West Am. Ins. Co. v. Atyani*, 338 F. Supp. 3d 1227, 1233 (D.N.M. 2018).

Here, the instant Complaint was filed on March 30, 2017 [*see* Doc. 1], while the Complaint in the state case was not filed until May 5, 2017 [*see* Doc. 3-1, Exhibit 7]. Therefore, because the federal case was filed first, it cannot be said that the main purpose was to delay the State Court Action. In *Runyon*, the court found it significant that the insurance company filed its federal suit the day prior to the date that Runyon had promised to file his state court action against the company. 53 F.3d at 1170. Similarly, in *City of Las Cruces*, the district court noted the fact that the United States filed the federal action shortly after the state court rejected the final jurisdictional

7

objection and "it became clear the [state court] adjudication [would] proceed to judgement." 289 F.3d at 1189. Here, on the other hand, the state case was not pending at the time the federal action was filed, and Defendant has not substantiated his assertion that Plaintiff engaged in procedural fencing other than arguing that it used "dilatory tactics" in its prior communication. Accordingly, this factor does not weigh against the Court exercising jurisdiction over the federal claim.

C. Fourth and Fifth *Mhoon* Factors: Friction between State and Federal Courts and Improperly Encroaching Upon State Jurisdiction & Better or More Effective Alternative Remedy

The fourth and fifth *Mhoon* factors pertain to whether the federal court's jurisdiction would encroach on state jurisdiction, and whether an alternative remedy would be better or more effective. 31 F.3d at 983. Plaintiff argues that although the state action involves more claims, the additional bad faith and related claims are "premised on false allegations that seem to have been interposed for the sole purpose of avoiding jurisdiction in federal court." Doc. 8 at 10. Plaintiff also argues that the instant case is purely a question of law and that Defendant's argument that there are facts in dispute that will require a determination by this Court is false. *Id*. Defendant, on the other hand, argues that this case turns on New Mexico state law and public policy alone and that there is no federal interest. Doc. 10 at 4.

"The final *Mhoon* factors are concerned with whether a declaratory judgment in federal court would prevent the state court from determining the same issue or lead to friction between two conflicting resolutions of the same dispute." *Atyani*, 338 F.3d at 1233 (citing *Brillhart*, 316 U.S. at 495). Here, the controversy turns on the validity of the UM/UIM selection forms in the insurance policies, which are governed by New Mexico state law. *See Houston Gen. Ins. Co. v. Am. Fence Co., Inc.*, 115 F.3d 805, 806 (10th Cir. 1997) ("The interpretation of an insurance contract is governed by state law and, sitting in diversity, we look to the law of the forum state."). The Tenth Circuit has noted that "[a] federal court generally should not entertain a declaratory

8

judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." *Kunkel*, 866 F.2d at 1276 (citing *Brillhart*, 316 U.S. at 495).

A declaratory judgment by this Court may lead to friction with the state court, as the court in the State Court Action has already determined the sole issue before this Court, based upon the very same facts presented here. [*See* Doc. 16]. Further, any declaratory judgment by this Court undoubtedly would encroach on the state court's jurisdiction, as this case turns solely on state law. In finding that the federal case presented no interference with the state proceedings, the court in *Mhoon* noted that the issue in the federal case "involved no matter, factual or legal, at issue in the state case." 31 F.3d at 984. The opposite is true here, where the determination of coverage under the insurance policies is the precise issue raised by the parties in both the instant federal case and the State Court Action. In *City of Las Cruces*, the court noted that water rights have traditionally been "within the ambit of state court expertise." 289 F.3d at 1190. Similarly here, a determination of coverage depends on interpreting the relevant New Mexico statute, Section 66-5-301, NMSA 1978, and New Mexico case law, namely *Jordan* and *Curry*. Accordingly, the Court finds that the fourth and fifth factors weigh against exercising jurisdiction and issuing a declaratory judgment.

## CONCLUSION

Four out of the five *Mhoon* factors weigh against this Court exercising its jurisdiction in presiding over the instant matter, brought under the Declaratory Judgment Act. For the foregoing reasons, the Court will decline its discretionary jurisdiction. Because the exact issue before this Court has already been resolved by the Honorable Beatrice J. Brickhouse in the state action, the Court will accordingly grant Defendant's Motion and dismiss, rather than stay, this action.

**IT IS THEREFORE ORDERED** that Defendant Steven Castillo's Motion to Dismiss, or, in the Alternative, for a Stay of Proceedings [Doc. 3] is **GRANTED** and the instant case is **DISMISSED**.

DATED this 27th day of March, 2019.

_____
MARTHA VÁZQUEZ
United States District Judge